WHITE *et al. v.* MOORE.

(Division B. Dec. 5, 1932.)

[144 So. 696. No. 30292.]

R. W. Boydstun and F. L. Reich, both of Louisville, for appellants.

274

E. M. Livingston, of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, Clinton Moore, was the duly elected and acting chancery clerk of Winston county from the first Monday in January, 1924, until the first Monday in January, 1928, suceeding B. M. McCully, who had theretofore been chancery clerk. While McCully was serving as chancery clerk, he was appointed guardian of the appellants. After the expiration of McCully's term of office, and on March 26, 1924, he resigned as guardian, and on said date paid over to appellee, who was then appointed guardian, the sum of one thousand two hundred sixty-eight dollars and ninety cents, the property of said wards. Although it was the duty of said guardian under the sections of the Code, which are now sections 1889 and 1890, Code 1930, to file annual accounts, supported by vouchers, and although it was the further duty of the guardian under the section of the Code, now section 1885, Code 1930, to report the money of his ward on hand and not needed for current expenditures and to ask the direction of the court what to do with the funds so held, in default of which the guardian "shall be chargeable with interest on the same at the rate of eight per centum per annum during the time of failure," the guardian filed no account or report whatever during his entire tenure as guardian, nor did he file any final account on

the day of his resignation as guardian, to-wit, on June 6, 1928, on which date he simply turned over to his successor the sum of one thousand fifty-three dollars and eighty-eight cents, which was the original sum received, less two hundred fifteen dollars and twelve cents which he claimed to have expended in behalf of the wards, but for which no order of the court had been obtained.

When the wards arrived at age, they filed, on September 4, 1931, a petition against appellee demanding that he file his final account; in response to which appellee on Otober 2, 1931, filed what purports to be his final account, wherein he charged himself with the receipt of the sum of one thousand two hundred sixty-eight dollars and ninety cents on March 28, 1924, and credited himself with four alleged items of expenditure amounting to two hundred fifteen dollars and twelve cents, but for which no vouchers were exhibited, and credited himself with the further sum of one thousand fifty-three dollars and eighty-eight cents paid to his successor as guardian. Appellants excepted to said final account, because it did not account to the wards for the statutory interest at the rate of eight per cent. per annum, and because the expenditures in the sum of two hundred fifteen dollars and twelve cents were not supported by vouchers as required by law. The chancellor sustained the exceptions to the extent of allowing interest at the rate of four per cent. per annum, but declined to apply the eight per cent. statute above cited, and he allowed the guardian credit for the two hundred fifteen dollars and twelve cents.

The reason assigned by the decree of the chancellor for allowance of only four per cent. per annum on the money held by the guardian, unreported to the court, and which, so far as the record shows, remained "dead in his hands," was that the predecessor guardian, McCully, had obtained an order permitting him to deposit the money in bank at four per cent., and that appellee, the successor guardian, should have the benefit of that order. If appellee had made his annual accounts show-

ing the money to be on deposit in bank at four per cent., and had charged himself in each of his annual accounts, due to have been made, with the said four per cent., and had charged himself with this four per cent interest in his final account, it may be that his contention could be maintained, and that he might rely on the order made during the preceding guardianship. But we have no hesitancy whatever in holding that, under the facts here set out, he cannot avail of the order mentioned. He did not present accounts as due, showing that he had acted upon that order and did not charge himself accordingly —he did not do so even in his final account filed in response to the citation to compel him to account. He did not show then, and does not show now, what was being done by him with this money from March 25, 1924, to June 15, 1928, more than four years. So far as any showing is made by him in this record, the money may have been mingled with his own money, and may have been in use by him for his own personal account. The chancellor should have applied the eight per cent statute. It is the purpose of that statute to safeguard the funds of minors, and to secure their profitable investment, and above all to prevent guardians from making personal use of the estate of their wards. The statute ought to be, and must be, firmly enforced.

No reason is found in the decree for the allowance to the guardian of the two hundred fifteen dollars and twelve cents, which, as already said, is not supported by legal vouchers. It is said in the argument, however, that it was because of the following paragraph in the exceptions of the wards: "Your petitioners here by their solicitors show to the court that they have no desire to oppress said guardian; that although said account of two hundred fifteen dollars and twelve cents is not accompanied by vouchers, legal or otherwise, your petitioners are willing to allow accounts against their funds to the amount of two hundred fifteen dollars and twelve cents, provided said guardian is able to show to the court

that he actually spent said sums for the benefit of complainants.'' And it is further said that the chancellor ''made an investigation'' of the items mentioned, and was convinced thereby that the wards received the benefit of said expenditures, and it is argued also that the sworn account is sufficient, prima facie, to support the claim of credit for the expenditures. A sworn account not accompanied by the vouchers required by law, and not approved by an order of the court, is insufficient, and is not of any probative value in support of the expenditures for which credit is therein claimed. And as to an investigation made by the chancellor; there is no evidence in the record to that effect, nor is there any such a recital in the decree; and, if there had been, it would not have supported the allowance. Appellants agreed to accede to the credit, ''provided the guardian is able to show to the court that he actually spent said sums for the benefit of complainants.'' This means that the guardian must so show by legal evidence and in open court according to the usual course of judicial procedure, not that the chancellor could make a private investigation. No evidence was submitted in open court by the guardian according to the record now before us.

Reversed and remanded.